IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CRYSTAL WHITE
PLAINTIFF

VERSUS                                                                NO.   2:17-cv-02671-JPM-dkv

US BANK, NA, TRUSTEE FOR
MERRILL LYNCH FIRST FRANKLIN
MORTGAGE LOAN TRUST ASSET
BACKED CERTIFICATES SERIES 2007-
2; NATIONSTAR MORTGAGE LLC
NATIONSTAR MORTGAGE
HOLDINGS, INC.; SHAPIRO & INGLE
LLP; WORLD WIDE PROPERTY HUB,
And GREGORY GRIFFIN
DEFENDANTS

MEMORANDUM IN SUPPORT OF SECOND MOTION TO AMEND

I.     INTRODUCTION

This civil action arises out of a foreclosure that occurred on September 12, 2017.  The Plaintiff filed suit the next day asserting claims under the Fair Housing Act, the Equal Credit Opportunity Act, and the 42 USC §1981 and 42 USC §1982. The Plaintiff also invoked the Court's quasi in rem jurisdiction to determine her rights in the property as to either a leaseholder or a fee holder.    Plaintiff seeks to amend the complaint and consistent with Sixth Circuit precedent to clarify the allegations of the first amended complaint and cure any potential deficiencies in the first amended complaint.

II.     FACTS

The facts are set forth in the Second Amended Complaint and will not be

repeated herein for the sake of brevity.

The Court denied the previous motion to amend.  DE 42.

III.	ANALYSIS

<u>The Court should grant the amendment consistent with prevailing precedent</u>

In *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016), the Sixth Circuit held that district courts should liberally grant amendments when justice so requires. The Court may deny the amendment when there is undue delay, dilatory motive or bad faith on the part the movant, repeated failures to cure deficiencies, undue prejudices, and futility.   *Id*. at 443. Delay alone is insufficient. *Chase v. Matsu Mfg. Inc.*, 147 Fed. Appx 507, 514-515 (6th. Cir. 2005).     The critical factors are notice and substantial prejudice.   *Id*. at 514-515.   In *Hanover American Insurance v. Tattooed Millionaire Entertainment, Inc*, 2:16-cv-002817-JPM-tmp, p. 3 (W.D. Tenn. January 24, 2017), this Court found that leave to amend was appropriate to add parties and to clarify claims.    In *Inland Waste Solutions LLC v. City of Germantown, Tennessee*, 2:16-cv-2012-STA-tmp, p. 3 (June 8, 2016), this Court found that leave to amend was appropriate to clarify the allegations of the complaint and to clarify the cause of action.   In *McNeal v. Hickory Valley, Tennessee,* 2002 WL 1397249, p.3 (W.D. Tenn.  June 4, 2002), this Court found that leave to amend was appropriate to clarify the allegations of the complaint.   The court may also grant leave to amend to cure potential deficiencies with the allegations or to add

2

new claims that are closely related to the original claims. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 102-104 (S.D.N.Y. 2010). Where the claims are interrelated, judicial economy militates they should be brought in the same action. *Id* at n. 5.

Applying the foregoing authority, this Court should grant Plaintiff permission to file her Second Amended Complaint.

I. Differences Between Proposed Second Amended Complaint and the September 21, 2017 Complaint

The Plaintiff clarified her allegations regarding Plaintiff's qualifications to receive a modification by pleading the factual predicates to support her qualifications. Paragraph 3 of the Second Amended Complaint. *Bernard v. FNMA*, 587 Fed. Appx. 266, 272-273 (6th Cir. 2014). Plaintiff also added allegations to cure any potential deficiencies regarding Defendants' knowledge of Plaintiff's race and gender based on the discussion with the Court and Defendants during the case management conference. Paragraph 3 and 25 of the Second Amended Complaint. 12 CFR §1002.13. These allegations gave rise to a potential additional claim for a violation of the Equal Credit Opportunity Act regulatory scheme. Paragraph 3 and n.5 of the Second Amended Complaint. 12 CFR §1002.16(b)(1).

The Plaintiff clarified her allegations regarding Shapiro & Ingle's conduct. Paragraphs 11 and 12 of the Second Amended Complaint. This was noted by the Court. DE 41.

3

C:\Users\Drayton\Desktop\drayton berkley\Drayton Berkley\CRYSTAL WHITE YATES MORTGAGE ACTION\December 2, 2017 Memo in Support of Second Motion to Amend .doc

The Plaintiff clarified the allegations regarding the purchase of the property and the September 12, 2017 attempted ouster to remove US Bank since only Griffin and Worldwide Property were involved in this activity.  Paragraphs 13-15 of the Second Amended Complaint.

The Plaintiff added a new factual allegations regarding conduct that occurred after the First Amended Complaint was filed on September 21, 2017. Paragraph 19, i.e. October 1, 2017 stealing of surveillance cameras   This lead to a clarification of the retaliation allegations as additional evidence of Griffin's retaliation.  Paragraph 51.  *Henry v. Abbot Labs*, 651 Fed Appx. 494, 505 (6th Cir. 2016) (proximity of less than 6 months sufficient).

The Plaintiff clarified the RESPA statutory damages claim by fleshing out its pleading requirements.  *Geoffrion v. Nationstar Mortgage LLC*, 182 F.Supp. 2d 648, 668 (E.D.Tex 2016).

The Plaintiff included these clarifications and additional claims to enhance Plaintiff's successful resistance to pending and planned dispositive motions and to provide an unambiguous predicate for discovery on these issues.  Plaintiff was not aware of Court's comments on the Defendant's knowledge of Plaintiff's race on September 21, 2017.   Research into this issue lead to additional research regarding credit discrimination allegations and statutory RESPA violations and in turn the clarification of those pleadings as well.  The First Amended Complaint

4

also predates the October 1, 2017 conduct of stealing Plaintiff's surveillance cameras.

There is no evidence in the record of undue delay since the Scheduling Order provides that Motions to amend can filed up to December 4, 2017. There is no dilatory motive or bad faith on the part of White. There have been no repeated failures to cure deficiencies. Defendants will not suffer undue prejudice and the proposed Second Amended Complaint is not futile.

II.     <u>Differences between the First Amended Complaint and the Original Complaint.</u>

The Plaintiff added World-wide Property Hud and Gregg Griffin as parties after Worldwide Property HUB filed the retaliatory Detainer action in General Sessions Court. This presented a ripe claim for retaliation which Plaintiff promptly added to the claim. *Hidden Village LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 528-29 (6th Cir. 2013). The additional parties and additional claims enhanced Plaintiff's ability to prosecute her claims against the Defendants.

IV. CONCLUSION

Plaintiff is entitled to leave of Court to amend the Complaint consistent with Sixth Circuit precedent.

Respectfully Submitted,

/S/ DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ.**
**(BPR 022601)**
119 South Main Street, Suite 500
Memphis, Tennessee  38103

5

Telephone: (901) 322-8706
Fax: (901) 881-0316
e-mail: attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Lauren Roberts, Esq.
Stites & Harbison PLLC
401 Commerce Street Ste 800
Nashville, TN 37219
Via ECF
Attorneys for Nationstar Mortgage LLC
And Nationstar Holdings, Inc.,

Mr. Jason K. Purser, Esq.
Shapiro & Ingle, LLC
10130 Perimeter Parkway Ste 400
Charlotte, NC 28216
Via ECF
Attorneys for Shapiro & Ingle, LLC

Ms. Janika N. White, Esq.
22 North Front Street #1060
Memphis, TN 38103
Via E-mail
Attorney for Worldwide Property Hub &
Greg Griffin

This the 2nd day of December 2017

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**

6

C:\Users\Drayton\Desktop\drayton berkley\Drayton Berkley\CRYSTAL WHITE YATES MORTGAGE ACTION\December 2, 2017 Memo in Support of Second Motion to Amend .doc