2011 WL 13162043
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee, Western Division.

Annie AUSTON, Plaintiff,
v.
HOME REALTY COMPANY OF MEMPHIS, INC., Home Financial Services of Memphis, Inc., Yale Mortgage Corporation, Charles E. Moore, David Moore, Lawrence Kern, and Robert Brawner, Defendants.

No. 2:08-cv-02434 SHM-dkv
|
Signed 02/22/2011

**Attorneys and Law Firms**

Sapna V. Raj, Timothy Oden Wilson, Jr., Memphis Area Legal Services, Inc., Webb A. Brewer, Brewer & Barlow PLC, Memphis, TN, for Plaintiff.

Daniel E. Brown, Sweeney Yopp & Brown, PLLC, Mark Daniel Griffin, Mason W. Wilson, Baker Donelson Bearman Caldwell & Berkowitz, Memphis, TN, for Defendants.

Charles E. Moore, Memphis, TN, pro se.

David Moore, Memphis, TN, pro se.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

DIANE K. VESCOVO, UNITED STATES MAGISTRATE JUDGE

***1** Before the court are three motions: two motions filed by the plaintiff, Annie Auston ("Auston"), on January 14, 2011 pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel two defendants, Home Realty Company of Memphis, Inc. ("Home Realty") and Charles E. Moore ("Moore"), to respond fully and completely to Auston's interrogatories and requests for production of documents. Also before the court is the January 28, 2011 motion of the defendants, Home Realty and Moore, pursuant to Rule 26, for a protective order (1) forbidding the discovery of the information sought in Auston's motions to compel; or (2) requiring that the requested information not be revealed unless under seal or otherwise protected from public disclosure; and/or (3) requiring that the requested information be revealed only after Auston has shown that a factual basis exists for her punitive damage claim. The motions were referred to the United States Magistrate Judge for determination. For the reasons stated below, the motions are granted in part and denied in part.

I. BACKGROUND

On July 3, 2008, Auston filed the present action against the named defendants alleging that they participated in a scheme to lure unsophisticated consumers and homeowners, including herself, into exploitative mortgage loans. In her complaint, Auston asserts nine causes of action under federal and state law: (1) violation of the Racketeer Influenced and Corrupt Practices Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.*; (2) violation of the Fair Housing Act ("FHA"), 42 U.S.C. 3601 *et seq.*; (3) violation of the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*; (4) violation of the Home Ownership and Equity Protection Act, 15 U.S.C. 1639; (5) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et seq.*, and its implementing regulations; (6) violation of the Equal Credit Opportunity Act, 15 U.S.C. 1691 *et seq.*; (7) violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. 47-18-101 *et seq.*; (8) conversion under Tennessee common law; and (9) negligent misrepresentation under Tennessee common law. Auston seeks compensatory and punitive damages, along with equitable relief.

On April 28, 2008, Auston served her initial discovery requests on Home Realty and Moore, Home Realty's founder and principal shareholder. On January 2, 2011, Home Realty and Moore responded. Arguing that the responses were incomplete, Auston filed the instant motions to compel on January 14, 2011. Home Realty and Moore responded with the present motion for protective order.

In her motions, Auston seeks to compel responses for

 © 2018 Thomson Reuters. No claim to original U.S. Government Works. 

specific interrogatories and requests for production of documents from both Home Realty and Moore. Auston argues that Home Realty "must be compelled to respond to Interrogator[y] No. 15, and Requests for Production Nos. 10, 14 through 17, 19 and 24," and "Moore should be compelled to respond to Interrogator[y] No. 11, and Requests for Production Nos. 9 through 11." All but one of these discovery requests fall under two categories: (1) information regarding the net-worth or financial well-being of Home Realty and Moore from 2004 until the present, including, among other items, lists of assets and liabilities, tax returns, bank statements, income statements, cash flow statements, lists of securities owned, lists of real estate owned; and (2) information relating to any loans made by Home Realty to third parties in Shelby County from 2004 to the present.[1]

## II. ANALYSIS

***2** Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Relevancy for discovery purposes is extremely broad. The information sought need not be admissible in court in order to be relevant. Rather, the relevancy burden is met if the party can show that the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, discovery does have " 'ultimate and necessary boundaries,' " *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)), and " 'it is well established that the scope of discovery is within the sound discretion of the trial court.' " *Coleman v. Am. Red Cross,* 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy,* 978 F.2d 934, 938 (6th Cir. 1992)).

### A. Discovery Relating to the Net Worth or Financial Well-Being of Home Realty and Moore

In its motion for a protective order, Home Realty and Moore argue that information concerning their net-worth or financial well-being is irrelevant and immaterial at this time because Auston has not yet established a factual basis for fraud or for exemplary or punitive damages.[2] In the alternative, Home Realty and Moore argue that if the Court finds this information should be produced, the production should be ordered only in accord with the procedures set forth in *Breault v. Friedli,* 610 S.W.2d 134 (Tenn. App. 1980).

Punitive damages in Tennessee are available "only in the most egregious of cases," and only where "the defendant's intentional, fraudulent, malicious, or reckless conduct" is proven by "clear and convincing evidence." *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 (Tenn. 1992). In Tennessee, punitive damages are calculated after damage liability is established. *Id.* Only then will information on a defendant's net worth and financial well-being be relevant to assess punitive damages. In *Breault*, the Tennessee Court of Appeals adopted the following discovery procedure: parties must first take discovery on the merits, and, "if the plaintiff is unable to show through discovery that a factual basis for punitive damages exists, the trial court can prohibit discovery of the defendant's financial condition." 610 S.W.2d 134, 139-40.

While Auston's requests are proper with respect to Home Realty's and Moore's potential liability for exemplary and punitive damages, the court finds that discovery of information regarding their net worth and financial well-being is unnecessary at this time. The burden and expense of producing this information, including the production of items such as tax returns, income statements, bank statements, etc ..., far outweighs its likely benefit at this stage in the litigation. If Home Realty's and Moore's liability for fraud can be established or a factual basis for punitive damages can be shown, discovery on the issue of punitive damages may go forward and Auston may renew her requests.

Accordingly, Home Realty and Moore's motion for a protective order is granted in part, and Auston's motions to compel are denied in part.

### B. Discovery Regarding Home Realty's loans to Third Parties

In the motion for a protective order, Home Realty and Moore seek to protect information concerning any loans made to third parties. They argue that discovery of this information should not be ordered because it would violate their privacy and the privacy of the third parties. Auston argues that this information would not violate the confidentiality of third parties and is relevant and necessary to substantiate her claims. The specific discovery requests that seek information on loans made

 © 2018 Thomson Reuters. No claim to original U.S. Government Works. 

by Home Realty to third parties are as follows:

> ***3** REQUEST No. 17: Produce copies of all loan documents for loans made by or assigned to defendant to persons in Shelby County, Tennessee from 2004 to the present.
>
> REQUEST No. 24: Produce any and all documents that relate to the home loans made by Home Realty that are identified on page 3 of the Emergency Cease and Desist order issued to Home Realty by the Tennessee Department of Financial Institutions on October 8, 2007.

In support of its argument that Auston does not have a right to know the identity of other borrowers, Home Realty and Moore cite *Abrams v. FDIC*, 944 F.2d 307 (6th Cir. 1991). In *Abrams*, the plaintiff requested the defendant bank to disclose all of the records of the bank loan committee over a seven year period. *Id.* at 309. The Sixth Circuit held that only the loan regarding the particular plaintiff had to be disclosed because the Privacy Act protected information on people not parties to the litigation. *Id.* Home Realty and Moore argue that *Abrams* is strikingly similar to the present case. The court disagrees.

*Abrams* was not a predatory lending case. The plaintiff in *Abrams* filed suit against the FDIC for conversion, alleging that the FDIC wrongly seized his bank account. Here, Auston alleges that all of the defendants engaged in a predatory lending scheme targeted at unsophisticated consumers and African-Americans. In order to substantiate her claim, Auston needs information on the loans Home Realty made to third parties.

The Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, provides protection to customers of financial institutions from disclosure of "nonpublic personal information to a non-affiliated third-party," unless the customers have the opportunity to opt out of disclosure. However, the privacy act provides certain exceptions, including disclosure "to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation ...; or to respond to judicial process ... for examination, compliance, or other purposes as authorized by law." 15 U.S.C. § 6802(e)(8). Many courts have held that this exception permits a financial institution to disclose the nonpublic personal information of its customers to comply with a discovery request. *See Marks v. Global Mortg. Grp., Inc.*, 218 F.R.D. 492, 496 (S.D.W. Va. 2003).

*Marks* is a predatory lending case in which the plaintiffs filed a class action lawsuit against mortgage brokers and financial institutions. *Id.* at 493. The plaintiffs in *Marks* sought discovery of loan files of third parties who had obtained loans from the defendants. *Id.* at 494. The *Marks* court concluded that the information was relevant and that the local practice was to allow discovery of such information. *Id.*

Along with citing to *Marks*, Auston also relies on similar predatory lending cases filed in this district to demonstrate that information regarding loans to third parties may be discovered. *See Tyson v. Equity Title & Escrow Co.*, No. 00-2559, D.E. No. 448 at 3 (W.D. Tenn. Mar. 28, 2003); *Echols v. A-USA Mortg. Corp.*, No. 01-2033, D.E. No. 366 (W.D. Tenn. Mar. 28, 2003); *Johnson v. Home Tech Servs. Co., Inc.*, No. 03-2567, D.E. No. 232 (W.D. Tenn. March 24, 2005); *Spinks v. Home Tech Servs. Co. Inc.*, No. 03-2568, D.E. No. 268 (W.D. Tenn. March 24, 2005); *Carr v. Home Tech Servs. Co., Inc.*, No. 03-2569, D.E. No. 323 (W.D. Tenn. March 24, 2005). In each of these cases, the court allowed discovery of information regarding loan transactions with third parties that were similar to the plaintiff's loan transaction with the defendant because it could lead to admissible evidence with respect to the plaintiff's RICO and conspiracy allegations. However, the courts limited the discovery on the types of loans, parties involved, time period, and geographic location to ensure that discovery was relevant and the burden of producing discovery would not outweigh the benefit.

***4** Here, the court finds that Auston is entitled to obtain discovery of similar loan transactions Home Realty made with third parties in order to support her claim that the defendants have engaged in a predatory lending scheme. Because Home Realty has responded in Interrogatory No. 6 that it has made no more than 15 loans in Shelby County from 2004 to the present, the court finds that responding to Request Nos. 17 and 24 will not be overly burdensome.

Accordingly, Auston's motion to compel Home Realty is granted as to Request Nos. 17 and 24. Home Realty and Moore's motion for a protective order is denied as to Request Nos. 17 and 24 directed on Home Realty to the extent it seeks to prohibit production of the loan documents. However, because the responsive loan documents contain personal and financial information of non-parties, the court finds that the documents should be produced only after a protective order has been entered.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works. 

C. Request for Production of Documents No. 19 served on Home Realty

The only discovery request that does not fit under one of the two categories listed above is Request No. 19 directed at Home Realty. Auston's request and Home Realty's response are as follows:

> REQUEST No. 19: Produce any and all documents and things reflecting commissions and/or bonuses that were to be paid to any individual or entity including but not limited to, payments to employees, agents, affiliated or subsidiary companies and/or loans brokers in connection with the attempted loan to the Plaintiff, such as a loan origination fee and yield spread premiums.
>
> RESPONSE: Responsive documents [have] previously been produced in this defendant's initial disclosures and those of defendant David Moore.

In listing the specific discovery requests she wishes to compel, Auston argues that Home Realty must be compelled to respond to Request for Production No. 19. However, Auston has not stated why she objects to Home Realty's response. It seems to the court that Home Realty has fully responded to this discovery request.

As such, Auston's motion to compel Home Realty to respond to Request No. 19 is denied and Home Realty and Moore's request for a protective order is granted as to Request No. 19.

CONCLUSION

For the reasons stated above, Auston's motion to compel Moore is denied. Auston's motion to compel Home Realty is granted as to Requests Nos. 17 and 24, and denied as to Interrogatory No. 15 and Requests Nos. 10, 14-16, and 19. The parties are directed to submit a consent proposed protective order within fourteen days from the date of entry of this order. If the parties cannot agree as to the terms of a consent protective order, each shall submit its own proposed version. Home Realty is ordered to respond to Requests Nos. 17 and 24 within seven days of the date of entry of a protective order.

Home Realty and Moore's motion for a protective order is granted as to Interrogatory No. 11 and Requests Nos. 9-11 served on Moore, and Interrogatory No. 15 and Requests Nos. 10, 14-16, 19 served on Home Realty. Home Realty and Moore's motion for a protective order is granted in part and denied in part as to Requests No. 17 and 24 served on Home Realty.

IT IS SO ORDERED this 22nd day of February, 2011.

**All Citations**

Slip Copy, 2011 WL 13162043

Footnotes

1 Request for Production No. 19, served on Home Realty, does not fall under either category, and will be addressed at the end of this order. Requests for Production Nos. 17 & 24, served on Home Realty, ask for information relating to loans to third parties. The rest of the disputed discovery requests regard the net-worth and financial well-being of Home Realty and Moore.

2 The disputed discovery requests involving the discovery of Home Realty's net worth and financial well-being are Interrogatory No. 15 and Requests for Production Nos. 10, 14, 15, and 16. The disputed discovery requests involving the discovery of Moore's net worth and financial well-being are Interrogatory No. 11 and Requests for Production Nos. 9, 10, and 11.

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.