# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:17-cv-02671-TLP-dkv |
| U.S. BANK, NA, NATIONSTAR | ) | |
| MORTGAGE HOLDINGS, INC., | ) | JURY DEMAND |
| NATIONSTAR MORTGAGE LLC, | ) | |
| SHAPIRO & INGLE LLP, WORLD WIDE | ) | |
| PROPERTY HUB, LLC, and GREGORY | ) | |
| GRIFFIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING SHAPIRO & INGLE LLP'S MOTION TO DISMISS

In this wrongful foreclosure action, Defendant Shapiro & Ingle, LLP, a Tennessee limited liability partnership ("Shapiro"), moves to Dismiss (ECF No. 60) Plaintiff Crystal White's claims against it in the Second Amended Complaint. (ECF No. 59.) For these reasons, Shapiro's Motion is DENIED.

## BACKGROUND

The operative complaint here is Plaintiff Crystal White's ("White") Second Amended Complaint ("SAC"). (ECF No. 59.) For ruling on Shapiro's Motion to Dismiss, the Court assumes that the following well-pleaded facts taken from the SAC are true.

This action arises out of White's attempt to modify her home mortgage. White was the mortgagor of the property at 2964 Ridgeway Road, Memphis, Tennessee 38115 (the "property"), and Defendant Nationstar Mortgage LLC ("Nationstar") serviced the mortgage. (ECF No. 59 at

PageID 371–72.) White submitted a facially complete loan modification application on June 17, 2016,[1] and alleges that Nationstar failed to consider her application because of her race, violating federal statutes and regulations. (*Id.* at PageID 374–75.) Nationstar, through Shapiro as Substitute Trustee, sold the property in a foreclosure sale on September 12, 2017. (*Id.* at PageID 373.) White alleges that the foreclosure was a nullity because her loan modification application was pending or had become enforceable and so she was not in default. (*Id.*) White also alleges that Shapiro conducted the foreclosure sale knowing that her modification application was still pending or had become enforceable. (*Id.*) White alleges that Defendants Worldwide Property Hub LLC ("Worldwide") and Gregory Griffin ("Griffin") purchased the property, and that Worldwide and Griffin wrongfully evicted her after the sale, by changing the locks on the house located on the property. (*Id.*)

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure govern the Court's standards of review. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain detailed factual allegations, a plaintiff's "bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

---

[1] This document, labeled as a "Modification Application," was attached as Exhibit 1 to Plaintiff's original Complaint (Doc. No. 1.) It contains a "Summary of [White's proposed] Modified Mortgage" and one unsigned "cop[y] of the Modification Agreement." (Doc. No. 1-1)

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relieve above the speculative level" and to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

## ANALYSIS

White alleges that Shapiro's knowledge that the modification application was still pending when it sold the property in a foreclosure sale violated the Fair Debt Collection Practices Act ("FCDPA"), specifically 15 U.S.C. § 1692f(6)(a). Shapiro argues in the Motion to Dismiss that White's cause of action fails because White has failed to allege: (1) her compliance with the loan documents that led to the foreclosure of the property; (2) sufficient facts to establish that Shapiro can be liable as a substitute trustee, given the immunity afforded it under Tenn. Code Ann. § 35-5-116(f); (3) sufficient facts to establish that Shapiro is a "debt collector" under the FDCPA; and (4) even if an "enforcer of a security interest" can be liable under the FDCPA, White has failed to allege sufficient facts tending to show any violation of the FDCPA. (ECF No. 60 at PageID 385.)

I. **Shapiro's First and Second Arguments**

Shapiro's first two arguments fail. As for its first argument, White alleges that she submitted a facially complete modification application to Nationstar. (ECF No. 59 at PageID 371–72.) She alleges that she "submitted payment to render the modification enforceable," and was "at all times qualified for the approval of her loan application." (*Id.* at PageID 372.) And

3

she alleges that Nationstar pointed to no deficiencies with the modification application in a letter Nationstar sent her on October 26, 2016 (*see* ECF No. 1-2 at PageID 28). (*Id.*) While White may not have alleged that she complied with the original promissory note on the property, the Court finds for this Motion that she sufficiently alleges that her modification application was pending or had become enforceable at the time of foreclosure, which would preclude foreclosure proceedings. (*See id.*); 12 C.F.R. § 1024.41(f), (g).

Shapiro's second argument fails because White alleges that Shapiro violated the FDCPA, not Tennessee law. Under Tennessee law, "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party." Tenn. Code Ann. § 35-5-116(f). Under the FDCPA, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1692k(c). White alleges that Shapiro violated 15 U.S.C. § 1692f by conducting the foreclosure sale with the knowledge that her modification application was pending or enforceable.[2] Thus, White sufficiently alleges that Shapiro acted in bad faith when it sold the property in foreclosure. Accepting these allegations as true and drawing all reasonable inferences in favor of Plaintiff, the Court declines to grant Shapiro's Motion to Dismiss based on its second argument.

## II. Shapiro's Third and Fourth Arguments

---

[2] 15 U.S.C. § 1692f(6)(a) prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," which includes "[t]aking or threatening to take any nonjudicial action to effect dispossession or property if– (A) there is a no present right to possession of the property claims as collateral through an enforceable security interest . . . ; or (C) the property is exempt by law from such dispossession or disablement."

4

Shapiro's third and fourth arguments have more merit, but ultimately fail. In the Motion to Dismiss, Shapiro argues that White has failed to allege sufficient facts to establish that it is a "debt collector" under the FDCPA. (ECF No. 60.)[3] "The FDCPA regulates only the conduct of 'debt collectors' and only communications made 'in connection with the collection of any debt.'" *Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014). In the Memorandum in Support of the Motion to Dismiss, Shapiro more specifically argues that, under Sixth Circuit authority, it is not a "debt collector" when acting as a substitute trustee under deed of trust. (ECF No. 60-1 at PageID 395.) Shapiro relies heavily on *Stamper v. Wilson & Assocs., P.L.L.C.*, No. 3:09-CV-270, 2010 WL 1408585, at *3 (E.D. Tenn. Mar. 31, 2010) and *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003) for this proposition. (*See* ECF No. 60-1 at PageID 395.)

Even so, Shapiro also concedes that the Sixth Circuit expressly held the opposite in a recent opinion. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013). In *Glazer*, the court held that mortgage foreclosure is debt collection under the FDCPA, and that lawyers who engage in debt collection must comply with the FDCPA when engaged in mortgage foreclosure. *Id.* at 464. And the court also held that "a lawyer can satisfy that definition if his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function."

---

[3] Under the FDCPA,

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.A. § 1692a.

*Id.* Thus, contrary to Shapiro's argument, the firm may qualify as a debt collector under the FDCPA.

That said, the Court agrees with Shapiro that White has provided no allegations that Shapiro is a debt collector under the FDCPA. The case here is actually similar to the *Stamper* case because all White has done—in her *Second* Amended Complaint—is make the conclusory allegation that "[a]t relevant times to this action, Shapiro was a debt collector pursuant to the FDCPA." (ECF No. 59); *see Stamper*, 2010 WL 1408585, at *8 (reiterating that "the focus is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities," and finding that conclusory statements that a law firm is a "debt collector" is not enough to survive a motion to dismiss) (internal citation and quotation marks omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Even in construing the SAC in the light most favorable to Plaintiff, the Court finds that the SAC fails to state a claim that Shapiro was or operated as a debt collector under the FDCPA in conducting the foreclosure sale of the property.

In spite of this, the Court finds that White has sufficiently alleged that Shapiro may be liable under the FDCPA as a non-debt collector. *Stamper* is clear that non-debt collectors who enforce the security interest of another party may be liable under § 1692f(6) of the FDCPA. 2010 WL 1408585, at *3; *see also*, *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003). Such an enforcer may not "take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ." § 1692f(6)(A).

Shapiro alleges in its Motion to Dismiss that it had a "present right to undertake the nonjudicial foreclosure because [White] admitted a default by signing the Modification Agreement." (ECF No. 60 at PageID 395.) The Court finds, however, that White has sufficiently alleged that Shapiro had no right to conduct a nonjudicial foreclosure on September 12, 2017. (ECF No. 35 at PageID 228.) White alleges that on June 17, 2016, she "submitted a facially complete loan modification application to Defendant Nationstar Mortgage LLC." (ECF No. 35 at PageID 226–227.)[4] She also alleges that Shapiro "transmitted the Notice of Trustee's Sale knowing that the modification application was pending . . . ." (ECF No. 35 at PageID 230.) These allegations, if proven true, could conceivably violate federal law. *See* § 1692f(6)(A); *see also* 12 C.F.R. § 1024.41(f), (g). The Court, then, finds that dismissal of Shapiro and Ingle is premature.

## **CONCLUSION**

For these reasons, the Court DENIES Defendant Shapiro & Ingle LLP's Motion to Dismiss (ECF No. 60).

**SO ORDERED**, this 14th day of September, 2018.

s/ Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE

---

[4] Under 12 C.F.R. § 1024.41(f) and (g), a servicer shall neither "make the first notice or filing . . . [for any] non-judicial foreclosure process," nor "move for foreclosure judgment" unless one of the statutory exceptions apply.